[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 22-13392

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JOSE TORRES-MENDOZA,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 7:22-cr-00020-HL-TQL-1

————————————————

Before NEWSOM, BRANCH and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Jose Torres-Mendoza, proceeding with counsel, appeals the district court's imposition of a 24-month sentence for his illegal reentry into the United States.  On appeal, he argues that the district court abused its discretion by imposing an upward variance and sentencing him to the statutory maximum term of imprisonment.  Having read the parties' briefs and reviewed the record, we affirm Torres-Mendoza's sentence.

## I.

We deferentially review the reasonableness of a sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007).  To preserve an objection for appeal, a defendant must articulate a specific objection during sentencing, or we review the alleged error for plain error.  *United States v. Zinn*, 321 F.3d 1084, 1087-88 (11th Cir. 2003).  To prevail under plain error review, a defendant must show (1) an error, (2) that is plain, (3) and that affected his substantial rights. *United States v. Iriele*, 977 F.3d 1155, 1177 (11th Cir. 2020).  If he makes that showing, we may address the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

## II.

We first review whether there was any substantial procedural error at sentencing, including the district court's failure to

consult the 18 U.S.C. § 3553(a) factors, its reliance on clearly erroneous facts, or its failure to sufficiently explain the sentence. *Gall*, 552 U.S. at 51, 128 S. Ct. at 597. A sentencing court must state the specific reasons for its imposition of an upward variance both at the time of sentencing and in its statement of reasons. 18 U.S.C. § 3553(c)(2). If a court imposes a substantial upward variance, it must provide a more significant justification than required for a minor variance and must adequately explain the chosen sentence to allow for meaningful appellate review. *Gall*, 552 U.S. at 50, 128 S. Ct. at 597.

Courts must consider several sentencing factors, including the nature of the offense and the defendant's character and history, and the need for the sentence imposed to reflect the seriousness of the offense, punish the defendant, and deter crime. § 3553(a). While courts must be guided by the § 3553(a) factors, they need not explicitly state that they considered each factor. *United States v. Thomas*, 446 F.3d 1348, 1357 (11th Cir. 2006). An acknowledgement that the court considered the factors is sufficient. *United States v. Turner*, 474 F.3d 1265, 1281 (11th Cir. 2007). A court may attach great weight to one factor over others. *United States v. Dougherty*, 754 F.3d 1353, 1361 (11th Cir. 2014).

We review substantive reasonableness for abuse of discretion and will not vacate a sentence as substantively unreasonable unless we have a firm conviction that the court clearly erred in considering the § 3553(a) factors by imposing a sentence beyond the range of sentences that would be reasonable given the facts of the

4                    Opinion of the Court                    22-13392

case. *Gall*, 552 U.S. at 51, 128 S. Ct. at 597; *United States v. Riley*, 995 F.3d 1272, 1278 (11th Cir. 2021). A court abuses its discretion if it does not consider relevant factors due substantial weight, significantly weighs an irrelevant or improper factor, or errs in its judgment in its consideration of sentencing factors. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*).

### III.

As an initial matter, Torres-Mendoza's procedural reasonableness arguments are subject to plain error review because he did not object to the procedural reasonableness of his sentencing below. Regardless, he has not shown even preserved error. The district court sufficiently explained its sentence and indicated that it considered the § 3553(a) factors. *See Gall*, 552 U.S. at 50, 128 S. Ct. at 597; *Turner*, 474 F.3d at 1281.

Further, the district court was within its discretion to consider his prior illegal reentries and to weigh them more strongly than the nature of his current offense and the guideline range. *See* § 3553(a); *Dougherty*, 754 F.3d at 1361. The record reveals that the district court, in selecting the above-Guidelines sentence, considered the § 3553(a) factors and attached more weight to two in particular: (1) the history and characteristics of Torres-Mendoza; and (2) the need to afford adequate deterrence to criminal conduct. The district court noted that this offense was Torres-Mendoza's fifty attempt to enter the United States illegally. The district court's decision to treat Torres-Mendoza's four previous illegal entries as indicative of recidivist tendencies demonstrates that Torres-

22-13392              Opinion of the Court                    5

Mendoza needed a more severe sentence to promote respect for the law and to deter further unlawful conduct. We conclude that the district court's justification for the upward variance was sufficiently compelling and the reasoning for the variance is supported by the record. Thus, we affirm the district court's imposition of the 24-month sentence.

**AFFIRMED.**